UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

WILLIAM C. SKYE

    Plaintiff,
v.

MAERSK LINE, LIMITED CORPORATION
d/b/a MAERSK LINE LIMITED

    Defendant                          /

## SEAMAN'S COMPLAINT WITHIN THE MEANING OF 28 USC 1916

Plaintiff sues Defendant and alleges:

1. The Plaintiff is a citizen and resident of New Jersey. Defendant is a corporation with its principal place of business is in Virginia. The amount in controversy, without interest and costs, exceeds the sum or value specific by 28 USC § 1332. Plaintiff is a seaman within the meaning of 28 U.S.C. 1916 and can file suit without pre-paying the filing fee or costs. Alternatively, in the event that this lawsuit does not fall under this Honorable Court's diversity jurisdiction, then this case falls under the court's admiralty and maritime jurisdiction; within the meaning of Rule 9(h).

2. Defendant, at all times material hereto, personally or through an agent;

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state and registered as a corporation doing business in the State of Florida;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e. As a seaman, Plaintiff is entitled to bring his lawsuit in any jurisdiction and venue where

   the Defendant can be found. The Defendant can be found in Miami Dade County, Florida. Defendant's vessels frequently call on the port of Miami; as an example, in the one month period prior to the filing of this lawsuit; more than twenty (20) Maersk vessels called at the Port of Miami. Also, Defendant and/or its related companies have litigated in courts in Miami Dade County, Florida.

3. Defendant is subject to the jurisdiction of the courts of this state.

4. The causes of action asserted in this Complaint arise under the Jones Act, 46 U.S.C. Section 30104, and the General Maritime Law of the United States.

5. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel Maersk Sealand Pride.

6. At all times material hereto, Plaintiff's employer was an agent of the shipowner and/or ship operator.

## **COUNT I - JONES ACT NEGLIGENCE**

   Plaintiff realleges, incorporates by reference, and adopts paragraphs one through six as though they were originally alleged herein.

7. At all times material, Plaintiff was employed by Defendant as a seaman and was a member of the vessel's crew. The vessel was in navigable waters.

8. It was the duty of Defendant to provide Plaintiff with a safe place to work.

9. Plaintiff was injured while aboard the vessel as follows: Reduced manning and other conditions caused excessive duties and duty time in direct violation of various Federal statutes (including, but not limited to, 46 U.S.C. § 8104), the repeated, flagrant violation of which caused physical damage to Plaintiff's heart, such as labile hypertension, such that Plaintiff is no longer able to work as a seamen.

10. Plaintiff's injuries are due to the fault and negligence of Defendant, and/or its agents,

servants, and/or employees as follows:

    a. Failure to use reasonable care to provide and maintain proper and adequate machinery, crew and equipment;

    b. Failure to use reasonable care to provide Plaintiff a safe place to work;

    c. Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel.

    d. Failure to use reasonable care to provide Plaintiff a safe place to work due to: i. failure to provide Plaintiff with reasonable working hours; ii. failure to provide plaintiff with an adequate crew; iii. failure to provide plaintiff with adequate rest hours; iv. excessive duties and excessive duty time; v. failing to have reasonable rules and regulations in place to ensure adequate rest periods; vi. failing to have adequate personnel, time, and equipment to be able to carry out the duties in a reasonably safe manner, and/or v. failure to adhere to various federal regulations including, but not limited to <u>46 USC § 8104; and/or b) 46 CFR 15.1111(a);</u> as well as the International Safety Management Code and other applicable international treaties; all of which caused the plaintiff to be injured.

    e. Failure to provide adequate instruction, and supervision to crew members and Plaintiff;

    f. Failure to limit Plaintiff's duties and duty time in accordance with federal regulations;

    g. Failure to provide Plaintiff and other crew members who were associated with plaintiff or plaintiff's incident giving rise to this action, reasonable hours of employment so as to not overwork them to the point of not being physically fit to carry out their duties. Defendants employees are overworked to the point of fatigue.

    h. Defendant failed to learn and apply the common and well known principles of industrial ergonomics on board the vessel;

      i. Defendant used outmoded work methods and procedures and neglected modern material handling techniques;

      j. Defendant failed to train workers properly.

      k. Defendant failed to provide Plaintiff with mechanized aids commonly available in other heavy industries.

      m. Failure to ascertain the cause of prior similar incidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's incident;

      n. Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work.

      o. Prior to Plaintiff's incident Defendant failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard.

      p. At all times material hereto, Defendant negligently failed to determine the hazards on the vessel to plaintiff, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn plaintiff of the hazard. In addition, Defendant violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual. All of the above caused the plaintiff to be injured.

11.    Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care should have learned of them and corrected them.

12.    As a result of the negligence of Defendant, the Plaintiff was injured about plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused

by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition plaintiff in the past and in the future has lost the fringe benefits that come with plaintiff's job, including but not limited to pension, health insurance, found, free food, free shelter, free medical care, free uniforms, vacation, and free air line ticket home and back.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT II –UNSEAWORTHINESS

Plaintiff realleges, incorporates by reference and adopts paragraphs one through six as though they were originally alleged herein.

13. On or about the previously stated date, Plaintiff was a seaman and a member of the crew of Defendant's vessel, which was in navigable waters.

14. At all times material hereto, the vessel was owned, managed, operated and/or controlled by Defendant.

15. Defendant had the absolute nondelegable duty to provide Plaintiff with a seaworthy vessel.

16. On or about the previously stated date the unseaworthiness of Defendant's vessel was a legal cause of injury and damage to Plaintiff by reason of the following:

a. The vessel was unsafe and unfit due to the conditions created by Defendant as follows: i. failure to provide plaintiff with reasonable hours of employment; ii. failure to provide plaintiff with reasonable hours of sleep; iii. failure to provide plaintiff with adequate manning to perform required tasks; iv. failure to warn plaintiff of the dangers of reduced manning and sleep deprivation; and/or v. failure to adhere to various federal regulations

5

Lipcon, Margulies, Alsina & Winkleman, P.A.

including, but not limited to 46 USC § 8104; and/or b) 46 CFR 15.1111(a); as well as the International Safety Management Code and other applicable international treaties; all of which caused the plaintiff to be injured.

b. The vessel was not reasonably fit for its intended purpose;

c. The vessel's crew was not properly trained, instructed or supervised;

d. The vessel did not have a fit crew;

e. The vessel did not have adequate manpower for the task(s) being performed;

f. The crew and Plaintiff were overworked to the point of being exhausted and not physically fit to carry out their duties; all of which caused the plaintiff to be injured.

17. As a result of the unseaworthiness of the vessel, the Plaintiff was injured about plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition plaintiff in the past and in the future has lost the fringe benefits that come with plaintiff's job, including but not limited to pension , health insurance, found, free food, free shelter, free medical care, free uniforms, vacation, and free air line ticket home and back.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT III - NEGLIGENCE *PER SE*

Plaintiff realleges, incorporates by reference and adopts paragraphs one through six as though they were originally alleged herein.

18. Defendant violated one or more safety statutes and regulations, designed to protect persons such as Plaintiff, including, but not limited to: a) 46 USC § 8104; and/or b) 46 CFR 15.1111(a).

19. These statutes are expressly intended to provide for increased safety by requiring compliance with sufficient standards for safety. These statutes were promulgated for the protection of workers, a class, which included the Plaintiff, and against the type of harm which the Plaintiff suffered.

20. Defendant's violations amount to negligence *per se.*

21. As a direct and proximate result of the negligent and wrongful acts of Defendant in violating said regulations, the Plaintiff was injured about plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition plaintiff in the past and in the future has lost the fringe benefits that come with plaintiff's job, including but not limited to pension , health insurance, found, free food, free shelter, free medical care, free uniforms, vacation, and free air line ticket home and back.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

LIPCON, MARGULIES
ALSINA & WINKLEMAN, P.A.

7

Lipcon, Margulies, Alsina & Winkleman, P.A.

Attorneys for Plaintiff
Suite 1776, One Biscayne Tower
Miami, Florida 33131
Telephone: (305) 373-3016

By_____
   MICHAEL A. WINKLEMAN
   Florida Bar # 36719