# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 11-21589-CIV-ALTONAGA/Simonton

**WILLIAM C. SKYE**,

      Plaintiff,

vs.

**MAERSK LINE, LIMITED CORPORATION** d/b/a **MAERSK LINE LIMITED**,

      Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant, Maersk Line, Limited Corporation's Motion to Dismiss the Amended Complaint (the "Motion") [ECF No. 25], filed on August 15, 2011. In his Amended Complaint, Plaintiff, William Skye, seeks relief on three claims, all arising out of his employment with Defendant: (1) Count I – Jones Act Negligence; (2) Count II – Unseaworthiness; and (3) Count III – Negligence *Per Se*. Defendant moves, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(f), to dismiss all of Skye's claims. (*See* Mot). The Court has carefully considered the parties' written submissions and the applicable law.

### I. BACKGROUND[1]

Plaintiff, William Skye, alleges that while he was working as a seaman on Defendant's vessel, the *Sealand Pride*, unsafe conditions existed on the boat that violated federal statutes. (*See* Am. Compl. ¶¶ 5, 7, 9). In particular, Plaintiff claims the work environment was so stressful to him

---

[1] The allegations in Plaintiff's Amended Complaint are taken as true.

Case No. 11-21589-CIV-ALTONAGA/Simonton

it caused "labile hypertension," among other injuries.  (*Id*. ¶ 9).  According to Plaintiff, these conditions arose because Defendant or its agents breached various duties they owed him.  (*See id.* ¶¶ 10–12).  Skye further maintains the *Sealand Pride* was unsafe and unfit for its intended purposes. (*See id.* ¶¶ 16–17).  Moreover, he asserts Defendant was negligent *per se* for violating certain federal statutes and regulations.  (*See id.* ¶¶ 20–23).

In the present Motion, Defendant insists the Amended Complaint does not remedy the "serious deficiencies" noted by the Court after reviewing the original Complaint.  (Mot. 1). Defendant contends Plaintiff has failed to state any claims upon which relief can be granted and has failed to timely allege his claims.  (*See* Mot.).

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (quoting *Twombly*, 550 U.S. at 555).  Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true.  *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

If a plaintiff makes an allegation in the complaint regarding time or place, then that

Case No. 11-21589-CIV-ALTONAGA/Simonton

"allegation of time or place is material when testing the sufficiency of a pleading." FED. R. CIV. P. 9(f). A defense under Rule 9(f) "may be raised on a motion to dismiss under Rule 12(b)(6) when it is apparent from the face of the complaint that the time limit for bringing the claim has passed." *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992).

### III. ANALYSIS

Defendant asserts two main arguments. First, Defendant contends Plaintiff's negligence *per se* claim is insufficient because it fails to state a claim upon which relief can be granted. Second, Defendant avers the Jones Act and unseaworthiness claims are barred by the statute of limitations. (*See* Mot.). The Court will address the sufficiency of each of Plaintiff's claims seriatim.

### A. Negligence *Per Se*

Defendant alleges Plaintiff's negligence *per se* claim fails because maritime safety statutes do not give rise to an independent claim separate from a Jones Act claim. (*See* Mot. 2). Rather, Defendant contends that statutory violations are properly pleaded as evidence of general negligence, not negligence *per se*.[2] (*See id.* 1). Case law supports this. Courts tend to disfavor pleading negligence *per se* as a separate claim because it is not deemed to be independent from general negligence. *See, e.g.*, *Brown v. Cox*, No. 2:11cv184, 2011 WL 3269680, at *3 (E.D. Va. July 27, 2011) (citing cases). Rather, negligence *per se* is "the application of an evidentiary presumption whereby a plaintiff can satisfy the duty and breach elements of a general negligence claim as a matter

---

[2] Defendant also asserts that "the Amended Complaint impermissibly pleads a common law negligence *per se* claim . . . ." (Mot. 3). Defendant conflates two separate ideas. Negligence *per se* is a breach of a statutorily created duty; a duty independent from the common law. *See St. Cyr. v. Flying J. Inc.*, No. 3:06-cv-13-J-33TEM, 2007 WL 2729584, at *1 (M.D. Fla. Sept. 18, 2007).

3

Case No. 11-21589-CIV-ALTONAGA/Simonton

of law." *Id.* (citing cases).

Plaintiff nevertheless maintains that because there is no binding case law on point, "the better reasoned approach" is to allow negligence *per se* to be pleaded separately. (Mot. Opp'n 2 [ECF No. 29]). However, Plaintiff provides no case law at all, be it binding or persuasive, to support that approach. (*See id.*). In fact, Plaintiff concedes that whether this claim is "plead separately or together, the end result is the same." (*Id.*). To that end, Plaintiff's negligence *per se* claim can be sufficiently subsumed by Claim I, the Jones Act negligence claim. Accordingly, Plaintiff's negligence *per se* claim is dismissed.

### B. Statute of Limitations

"To maintain a cause of action under the Jones Act or under general maritime law, the claim must be brought within three years from the date the cause of action accrued." *Gabriel v. Celebrity Cruises, Inc.*, No. 05-20013-CIV, 2005 WL 3675962, at *1 (S.D. Fla. May 26, 2005); *see also* 45 U.S.C. § 56. Here, the Amended Complaint omits reference to when the causes of action allegedly accrued. (*See* Am. Compl.). Defendant insists that such omission leaves open the potential for the three-year statute of limitations to have run.[3] Therefore, Defendant contends only a mere possibility for relief exists, falling short of the requisite plausibility threshold. (*See* Mot.).

Generally, the statute of limitations defense cannot be raised by a motion to dismiss. *See United States v. Mateu*, No. 06-22503-CIV, 2007 WL 196855, at *1 (S.D. Fla. Jan. 23, 2007); *see also Josef's of Palm Beach v. S. Inv. Co.*, 349 F. Supp. 1057, 1058 (S.D. Fla. 1972). It is an

---

[3] Defendant also argues that "[u]nder maritime law, a claim is presumed time-barred unless the allegations show it to be timely." (Reply 4 [ECF No. 32]). Defendant cites no case law to support this presumption.

Case No. 11-21589-CIV-ALTONAGA/Simonton

affirmative defense most properly raised in an answer. *See United Transp. Union v. Fla. E. Coast Ry. Co.*, 586 F.2d 520, 527 (5th Cir. 1978) (citing *United States v. U.S. Casualty Co.*, 218 F. Supp. 653, 655 (D. Del. 1962)). However, a statute-of-limitations defense "can be raised by motion to dismiss where the complaint *affirmatively shows* that the claim is barred." *United Transp. Union*, 586 F.2d at 527 (emphasis added) (citing *J.M. Blyth Motor Lines Corp. v. Blalock*, 310 F.2d 77, 78 (5th Cir. 1962)); *see also Mateu*, 2007 WL 196855, at *1. Here, Plaintiff's Amended Complaint does not affirmatively show the claims are time-barred. (*See* Am. Compl.). The Amended Complaint does not specify exactly when the alleged claims accrued. Rather, it generally alleges time, making it impossible to decipher from its four corners whether Claims I and II are barred by the statute of limitations. (*See id.*). Thus, it would be improper to grant a motion to dismiss where on its face the Amended Complaint does not appear time-barred.

Moreover, Defendant appears to improperly shift the burden concerning the statute of limitations defense to the Plaintiff. Such a move runs counter to the law. "It is beyond dispute that the defendants have the burden of proof in establishing the elements of the affirmative defense of the statute of limitations." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1292 (11th Cir. 2005) (quoting *Smith v. Duff & Phelps, Inc.*, 5 F.3d 488, 494 n.9 (11th Cir. 1993)). Here, Defendant asserts the Amended Complaint should be dismissed because Plaintiff does not allege his claims are timely. (*See* Mot.). Defendant asserts that "[a]bsent a showing that the claims arose within the three years preceding the filing of the Complaint, Plaintiff's claims are not plausible and fail to state a claim . . . ." (*Id.* 5). This is incorrect. Plaintiff does not have the burden to show the claims arose within three years of the Complaint to state claims for relief. Rather, it is the Defendant that has the burden

5

Case No. 11-21589-CIV-ALTONAGA/Simonton

to raise this issue.[4]

Defendant also relies on Federal Rule of Civil Procedure 9(f) in an apparent attempt to demonstrate that an allegation of time must be included in a pleading. (*See* Mot. 4). Rule 9(f) states, "an allegation of time or place is material when testing the sufficiency of a pleading." FED. R. CIV. P. 9(f). "Rule 9[, however,] does not require specificity in pleading time and place, nor does it abrogate the notice pleading standard of Rule 8." *Hamilton v. Allstate Indem. Co.*, No. 8:06CV2114T27MSS, 2006 WL 3593446, at *2 (M.D. Fla. Dec. 8, 2006) (citing *Vero v. Barnett*, No. 8:04CV2778T27MSS, 2005 WL 1074282, at *2 (M.D. Fla. Apr. 6, 2005)); *see also Matthew v. United States*, 452 F. Supp. 2d 433, 446 (S.D.N.Y. 2006) (quoting *Rosen ex rel. Egghead.com, Inc. v. Brookhaven Capital Mgmt., Co.*, 179 F. Supp. 2d 330, 334 (S.D.N.Y. 2002)); *Storey v. Ill. State Police*, No. 05-CV-4011-JPG, 2006 WL 278168, at *2 (S.D. Ill. Feb. 2, 2006) (noting that a plaintiff need not plead a specific time and date to satisfy Rule 9(f)). Rather,

> Under Rule 9(f), *if* a party asserts that his claim or counterclaim arose at a certain time or place, he must do so accurately because these allegations may be used by the other party on a motion to dismiss for failure to state a claim under Rule 12(b)(6) or on a motion for a judgment on the pleadings under Rule 12(c) or a motion to strike under Rule 12(f) if the other party believes the complaint or the answer shows that the action or defense cannot be maintained.

5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1308 (3d ed. 2004) (emphasis added).

---

[4] Once the statute of limitations has run, the burden then shifts to the plaintiff. *See Albertson v. T.J. Stevenson & Co., Inc.*, 749 F.2d 223, 233 (5th Cir. 1984) (citing *Watz v. Zapata Off-Shore Co.*, 431 F.2d 100, 111 (5th Cir. 1970)). Because of how the Amended Complaint is pleaded, it is not apparent that the statute of limitations has run, and therefore the burden has not yet shifted to Plaintiff (assuming it will shift at all).

Case No. 11-21589-CIV-ALTONAGA/Simonton

Simply put, plaintiffs need not make allegations of time in their complaints, but if they do, such allegations can be challenged. Rule 9(f) is normally used to screen complaints where timing can be challenged because such allegations are found in the pleading. *See Matthew*, 452 F. Supp. 2d at 446 (citing *Brookhaven Capital Mgmt.*, 179 F. Supp. 2d at 334). "'Rule 9(f) does not require the pleader to set out specific allegations of time and place; it merely states the significance of these allegations when they are actually interposed.'" *Id.* (quoting *Brookhaven Capital Mgmt.*, 179 F. Supp. 2d at 334). Here, Plaintiff's Amended Complaint does not set out specific allegations of when the actions underlying the claims occurred. Such omission does not make time a material term subjecting the Amended Complaint to dismissal. These claims provide Defendant sufficient notice of what duties it allegedly violated so that Defendant may frame a responsive pleading. *Cf. Smith v. Rainey*, 747 F. Supp. 2d 1327, 1339 (M.D. Fla. 2010); 5A WRIGHT & MILLER, *supra* § 1309 ("Such allegations usually are necessary if without them the statement of a claim is so vague and ambiguous that the other party cannot adequately frame an answer."); *see also Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).

## IV. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 25]** is **GRANTED in part** and **DENIED in part**. Claims I and II may proceed as pleaded. Claim III is **DISMISSED**.

Case No. 11-21589-CIV-ALTONAGA/Simonton

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of September, 2011.

CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE

cc:     counsel of record

8